TRACY L. WILKISON
United States Attorney
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
COURTNEY N. WILLIAMS (Cal. Bar No. 339301)
Assistant United States Attorney
Riverside Branch Office
    3403 Tenth Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 368-1473
    Facsimile: (951) 276-6202
    Email:     courtney.n.williams@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
01/20/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: KC  DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:22-MJ-00024-DUTY |
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| JUAN HIPOLITO GONZALEZ, | |
| Defendant. | |

    Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

    1. <u>Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds</u>:

        ____ a. present offense committed while defendant was on release pending (felony trial), (sentencing), (appeal), or on (probation) (parole); or

1

    \_\_\_\_\_    b. defendant is an alien not lawfully admitted for permanent residence; <u>and</u>

    \_\_\_\_\_    c. defendant may flee; or

    \_\_\_\_\_    d. pose a danger to another or the community.

X    2. <u>Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure</u>:

    X    a. the appearance of the defendant as required;

    X    b. safety of any other person and the community.

    3. <u>Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a))</u>:

    \_\_\_\_\_    a. defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community;

    \_\_\_\_\_    b. defendant cannot establish by clear and convincing evidence that he/she will not flee.

    4. <u>Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e))</u>:

    \_\_\_\_\_    a. Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

    \_\_\_\_\_    b. offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

```
      _____   c. offense involving a minor victim under 18 U.S.C. §§
                 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,
                 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),
                 2260, 2421, 2422, 2423 or 2425 (presumption of
                 danger to community and flight risk);
      _____   d. defendant currently charged with an offense
                 described in paragraph 5a - 5e below, AND defendant
                 was previously convicted of an offense described in
                 paragraph 5a - 5e below (whether Federal or
                 State/local), AND that previous offense was
                 committed while defendant was on release pending
                 trial, AND the current offense was committed within
                 five years of conviction or release from prison on
                 the above-described previous conviction (presumption
                 of danger to community).
  X      5. Government Is Entitled to Detention Hearing Under §
            3142(f) If the Case Involves:
      _____   a. a crime of violence (as defined in 18 U.S.C. §
                 3156(a)(4)) or Federal crime of terrorism (as
                 defined in 18 U.S.C. § 2332b(g)(5)(B)) for which
                 maximum sentence is 10 years' imprisonment or more;
      _____   b. an offense for which maximum sentence is life
                 imprisonment or death;
      _____   c. Title 21 or MDLEA offense for which maximum sentence
                 is 10 years' imprisonment or more;
```

1      \_\_\_\_\_ d. any felony if defendant has two or more convictions
2              for a crime set forth in a-c above or for an offense
3              under state or local law that would qualify under a,
4              b, or c if federal jurisdiction were present, or a
5              combination or such offenses;
6      \_\_\_\_\_ e. any felony not otherwise a crime of violence that
7              involves a minor victim or the possession or use of
8              a firearm or destructive device (as defined in 18
9              U.S.C. § 921), or any other dangerous weapon, or
10              involves a failure to register under 18 U.S.C. §
11              2250;
12       X     f. serious risk defendant will flee;
13      \_\_\_\_\_ g. serious risk defendant will (obstruct or attempt to
14              obstruct justice) or (threaten, injure, or
15              intimidate prospective witness or juror, or attempt
16              to do so).
17 \_\_\_\_\_ 6. Government requests continuance of \_\_\_\_\_ days for
18         detention hearing under § 3142(f) and based upon the
19         following reason(s):
20
21
22
23
24 //
25 //
26 //
27
28

4

```
_____   7. Good cause for continuance in excess of three days exists
            in that:

            _____
            _____
            _____
            _____


Dated: January 20, 2022            Respectfully submitted,

                                   TRACY L. WILKISON
                                   United States Attorney

                                   JERRY C. YANG
                                   Assistant United States Attorney
                                   Chief, Riverside Branch Office


                                   _____/S/_____
                                   COURTNEY N. WILLIAMS
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA
```