IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-cr-00025-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JUAN HIPOLITO GONZALEZ,

    Defendant.

## NOTICE OF INTENT TO PLEAD GUILTY WITHOUT A PLEA AGREEMENT AND FACTUAL BASIS FOR PLEA

Juan Hipolito Gonzalez, through Assistant Federal Defender Kelly Christl, notifies the Court that he will enter a plea of guilty on June 14, 2022, at the scheduled change of plea/final pretrial conference hearing. Mr. Gonzalez will plead guilty to the sole count of the indictment, a violation of 18 U.S.C. 751(a). Mr. Gonzalez acknowledges and admits the following:

**I.    ELEMENTS OF THE OFFENSE**

**Count One:  18 U.S.C. § 751(a) Escape**

*First*: the defendant was in federal custody pursuant to a lawful arrest on a felony charge at an institution or facility where the defendant was confined by direction of the Attorney General for conviction of an offense;

*Second*: the defendant departed without permission; and

*Third*: the defendant knew he did not have permission to leave federal custody.

COURT EXHIBIT
1

II. **STATUTORY MAXIMUM SENTENCE**

The maximum sentence for a violation of 18 U.S.C. § 751(a) is not more than five years of imprisonment, not more than a $250,000 fine, or both imprisonment and a fine, not more than three years of supervised release, and a $100 special assessment fee.

III. **COLLATERAL CONSEQUENCES**

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

IV. **FACTUAL BASIS FOR GUILTY PLEA**

On December 12, 2019, Mr. Gonzalez was sentenced to a term of six months imprisonment for a supervised release violation for District of Colorado Case No. 19-cr-00012-RBJ. Mr. Gonzalez was serving an undischarged term of imprisonment in the State of Colorado at the time that sentence was imposed so his federal sentence did not begin until February 2, 2021. Mr. Gonzalez was in USMS custody from February 2021 to April 2, 2021, when he was transferred to the Federal Transfer Center Oklahoma City (FTC OKC). On July 13, 2021, less than one month before he was to finish serving his supervised release sentence, the BOP gave him a taxi ride to the bus station so that he could catch a bus to Denver to serve 18-days at Independence House South Federal, as the final part of his sentence. Mr. Gonzalez knew that any deviation from that plan would constitute an escape.

Upon release from FTC OKC Mr. Gonzalez learned his father was in the intensive care unit at a hospital in Southern California suffering from COVID-

19. Mr. Gonzalez went to California to see his father and be with his sisters. Mr. Gonzalez was arrested in Redlands, California on August 24, 2021, during a traffic stop. Officers found a hotel room key during a search of the car, went to the hotel, and proceeded to search a hotel room where they found methamphetamine. Mr. Gonzalez pleaded guilty to felony attempted possession of a controlled substance for sale in San Bernardino Criminal Court on September 2, 2021.

V.  **ADVISORY GUIDELINES CALCULATION**

Mr. Gonzalez estimates his guideline range is as follows. The government concurs with this estimate.

a)  The base level is **13** because the defendant escaped from custody or confinement by virtue of an arrest on a charge of felony. USSG § 2P1.1(a)(1),

b)  Specific Offense Characteristics: None.

c)  Adjustments: There are no victim-related, role-in-offense, obstruction, and/or multiple count adjustments. The adjusted offense level is therefore **13**.

Acceptance of responsibility: The defendant should receive a 2-level adjustment for acceptance of responsibility under USSG § 3E1.1. The resulting total offense level is **11**.

d)  Criminal history category: The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category **V**.

e)  Assuming the criminal history facts known to the parties are correct, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

f)  The advisory guideline range resulting from these calculations is **24-30 months** of imprisonment. However, in order to be as accurate as possible, with the criminal history category

3

undetermined at this time, the offense level(s) estimated above could conceivably result in a range from **8 months** (bottom of Category I) **33 months** (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

g) Pursuant to guideline § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $4000 to $40,000 plus applicable interest and penalties.

h) Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term at least one year, but not more than three years.

Mr. Gonzalez and counsel will sign this form at or before the change of plea hearing.

Date: 6·1·22

Juan Hipolito Gonzalez
Defendant

Date: 6·1·22

Kelly Christl
Attorney for Defendant


Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Kelly Christl
KELLY CHRISTL
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: Kelly_Christl@fd.org
Attorney for Defendant

4