IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-CR-00025-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JUAN HIPOLITO GONZALEZ,

        Defendant.

---

## MOTION FOR DOWNWARD VARIANCE TO TIME-SERVED

---

Juan Hipolito Gonzalez, through counsel, requests this Court sentence him to a period of time-served. In support:

### **RELEVANT FACTS**

In August 2005, a 22-year-old Mr. Gonzalez was initially sentenced to 151 months in prison after pleading guilty to methamphetamine distribution and conspiracy in the Western District of Missouri. This was a top of the guideline sentence on a case that carried a 10-year mandatory minimum sentence. *See*, *United States v. Villareal-Amarillas,* 04-cr-03057-FJG (WD MO)*.* Prior to this conviction, Mr. Gonzalez had one felony conviction where he received sentence of probation. The government successfully appealed Mr. Gonzalez's 151-month sentence based on the drug quantity. The government argued the quantity was higher based on foreseeable conduct of his co-conspirators. *United States v. Villareal-Amarillas and Juan H. Gonzalez*, 454 F.3d. 925 (8th Cir., 2006). On remand, the Court imposed a 235 month-sentence. 04-cr-

030507, Doc. 262. In 2015, the Court reduced Mr. Gonzalez's sentence to 188 months pursuant to 18 U.S.C. § 3582(c)(2). Mr. Gonzalez was released in October 2018, after serving more than 13 years. Mr. Gonzalez's jurisdiction was transferred to the District of Colorado on December 17, 2018. 19-cr-00012-RBJ, Doc. 1. The probation department filed a petition for warrant for offender under supervision on January 25, 2019. *Id.*, Docs. 3, 28. Mr. Gonzalez admitted the violations, and the Honorable R. Brooke Jackson sentenced him to six months, consecutive to a state sentence, on the violations. *Id*, Doc. 31 (Dec. 12, 2019).

Mr. Gonzalez was transferred into the custody of the USMS on February 2, 2021, to begin serving the six-month sentence on the revocation. INV_0000003. Just about two weeks before the six-month sentence was to expire, Mr. Gonzalez was given a bus ticket to Denver from the Oklahoma City Federal Transfer Center. He was to report to Independence House South to serve the remaining two weeks of his sentence. Mr. Gonzalez returned to Denver and learned his father was hospitalized with COVID-19 and was in the intensive care unit in Redlands, California. Mr. Gonzalez went to Redlands, CA because he thought this would be the last opportunity to see his father, after being estranged from him for most of his life. He also wanted to be there for his sisters, with whom he shares a close, supportive relationship. Mr. Gonzalez's father passed away at his home on October 6, 2021. The cause of death was heart disease. *See*, Exhibit A. Mr. Gonzalez reports his father never fully recovered from COVID-19, and it exacerbated his heart disease causing him to pass away at the age of 62. Mr. Gonzalez was in custody on the state charges when his father passed away. He was unable to attend the funeral.

## **18 U.S.C. § 3553(a) FACTORS**

1. <u>Nature and Circumstances of the Offense</u>

Mr. Gonzalez acknowledges he unlawfully escaped from federal custody; however, the facts of this escape are relatively benign. There was no force used. There was no sneaking around. Mr. Gonzalez was escorted out of prison and given a bus ticket about two weeks before his release date. He learned of his father's poor health, and he made the decision to see his father rather than report to the halfway house.

Mr. Gonzalez plead guilty to attempt possession of a controlled substance and was sentenced to eight months of confinement to be served at 50 percent time. The sentencing minute order reflects a reference to California Penal Code 4019, which is where the defendant serves one-half of the sentence. See, Exhibit B.

Mr. Gonzalez was stopped in Redlands, California, for failing to stop his vehicle before the limit line at a stop sign. The officers then noticed a "heavily tattooed Hispanic male with the words Inland Empire tattooed on the back of his head." Inland Empire is a geographical region in Southern California, but the officers, believed these tattoos to be "gang related." Doc. 25-1. Officers then took Mr. Gonzalez to a hotel room and performed what appears to be an unconstitutional search of the room. Mr. Gonzalez disputes the facts contained in the police report, specifically, that he said anything in the room belongs to him and that he told officers there was methamphetamine in the drawer. In fact, Mr. Gonzalez disputes that the drugs belonged to him at all. He accepted an offer to do a few more months in jail, then he could deal with his federal

3

and state holds; or contest the charges and face a minimum of 16 months imprisonment. *See*, Doc. 25, p. 3.

2. Personal History and Characteristics

Mr. Gonzalez has been married to Amy Gonzalez since 2015. Ms. Gonzalez has two children from a previous relationship, but the father of those children is not involved in their lives. The children consider Mr. Gonzalez to be their father. Ms. Gonzalez has moved to Alabama to be closer to her mother. Mr. Gonzalez believes moving from Colorado will be good for their family. It will be a fresh start where they will have support from her family. Ms. Gonzalez has been suffering from health issues related to anemia, a heart murmur, and sleep apnea. She has had four blood transfusions since April.

Mr. Gonzalez is eager to return to his family, maintain his sobriety, and find employment.

3. A sentence of time-served satisfies the statutory sentencing factors

Mr. Gonzalez will have been in custody for just over six months at the time of sentencing. While this may sound like a short period, it has been a hard time for Mr. Gonzalez. After finishing his jail sentence in California, Mr. Gonzalez had a BOP hold based on the escape. Mr. Gonzalez finished serving his sentence on December 24, 2021. He was not indicted on this case until January 18, 2021 and not arrested until January 20, 2022. There was nearly one month of time where Mr. Gonzalez was in custody pursuant to a federal hold but not receiving time credit toward this case. The BOP should calculate that time toward the final two weeks of his sentence on the

revocation. Mr. Gonzalez was then in transit for two months before he appeared in the District of Colorado on March 2, 2022.

Mr. Gonzalez has been at the Teller County Jail since his arrival in Colorado. The jail advertises itself on the website as "similar to a maximum security" prison, with "heavy guard-to-inmate ratios", and "solid concrete with limited access to fresh air." "Most of their time is spent in their pod or 2-man cells. Movements are strictly supervised."[1] A third-party for-profit corporation runs the commissary and communications, charging exorbitant amounts for phone calls and basic toiletries. There is no programming, and, as advertised, Mr. Gonzalez spends most of his day in his pod. If Mr. Gonzalez is to receive a sentence of incarceration, it is likely he would spend another few weeks or month in transit to a correctional facility before getting any correctional treatment. Mr. Gonzalez has already been in custody for nearly one year without any correctional treatment. Mr. Gonzalez is also on state parole, and there is an active warrant for his arrest for a parole violation based on the new escape charge. His discharge date is July 16, 2023, per the CDOC website.[2]

Furthermore, his current conditions of confinement are deterrence. Mr. Gonzalez has had limited communication with his family. He has had skin issues because he cannot get commissary items.

---

[1] https://www.tellercountysheriff.com/copy-of-detentions-facility

[2] If this Court does not sentence Mr. Gonzalez to time-served, he is requesting that any sentence be concurrent to his state parole sentence for 2019CR326 so that Mr. Gonzalez may be eligible for additional programing and halfway house time. Generally, a federal detainer effects eligibility for certain programming at CDOC.

Finally, a sentence of time-served reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. This case stemmed from Mr. Gonzalez's family obligations and wanting to say goodbye to his father, rather than an intentional evading of spending two weeks in an RRC facility. A sentence of time-served (6 months) is sufficient but not greater than necessary.

    Respectfully submitted,

    VIRGINIA L. GRADY
    Federal Public Defender


    s/ Kelly Christl
    KELLY CHRISTL
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Email:  Kelly_Christl@fd.org
    Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2022, I electronically filed the foregoing **MOTION FOR DOWNWARD VARIANCE TO TIME-SERVED** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Albert Buchman, AUSA
Email: Al.Buchman@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Juan Hipolito Gonzalez            (via Mail)


s/Kelly Christl
KELLY CHRISTL
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kelly.christl@fd.org
Attorney for Defendant