**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.  22-cr-00025-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUAN HIPOLITO GONZALEZ,

    Defendant.

_____

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR DOWNWARD VARIANCE TO TIME-SERVED**
_____

The United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Albert Buchman, respectfully files this Response to Defendant's "Motion for Downward Variance to Time-Served," which requests a variant sentence of time-served.[1] ECF No. 26. In opposition, the government joins Probation in requesting a guidelines sentence of 24 months of imprisonment followed by no supervised release.

**I.  Guidelines Calculation & Probation's Recommendation.**

The guidelines calculations contained in the Presentence Investigation Report are uncontested, and Defendant does not assert the applicability of any reductions under USSG § 2P1.1(b). *See* ECF No. 24 (Defendant's objections do not affect the guideline

---

[1]  Defendant was arrested in the Central District of California on January 20, 2022, *see* ECF No. 4, and transferred to this District after. From that date to the sentencing date is six months, 28 days.

1

range). Probation calculated the base offense level at 13. ECF No. 27, ¶ 16. Defendant's Criminal History Category is V. *Id.* ¶ 33. Defendant will receive a two-level adjustment for Acceptance of Responsibility pursuant to Section 3E1.1(a), rendering the total offense level at 11. *Id.* ¶ 24. Accordingly, the applicable sentencing range is 24 to 30 months. *See* USSG Ch. 5. Pt. A, Sentencing Table. Ultimately, Probation recommends a prison sentence at the bottom of the guidelines: 24 months consecutive to any undischarged prison term remaining in District of Colorado Case No. 19-cr-00012-RBJ, with no supervised release after. ECF No. 27, Ex. A. The government joins that recommendation.

II. **A 24-month sentence is sufficient, but not greater than necessary, to accomplish the sentencing goals set forth the goals of 18 U.S.C. § 3553(a).**

A 24-month prison sentence with no additional supervised release is a sufficient, but not greater than necessary, sentence to satisfy the sentencing goals of 18 U.S.C. § 3553(a). At the outset, the government acknowledges the mitigation provided by Defendant, noting that he did not use violence or resistance in escaping or being apprehended, and was likely motivated to escape by his father's unfortunate ailing health. *See* ECF No. 26, pp. 3 (calling the facts "relatively benign"), 5-6; ECF No. 27, ¶¶ 6-11. In consideration of those facts, the government recommends a prison sentence at the low-end of the guidelines as sufficient. But in assessing the section 3553(a) factors, the Court should look at those facts in the more complicated context from which they arise. That context justifies a guidelines sentence and not a time-served sentence.

First, Defendant was serving a six-month prison sentence when he was permitted to serve the remainder in a halfway house. *Id.* ¶ 27. That prison sentence was imposed after Defendant had been revoked on federal supervised release. District of Colorado Case No. 16-cr-00012-RBJ, ECF No. 31 (Judgement for Revocation of Supervised Release). Furthermore, Defendant was on concurrent state parole from Larimer County Case No. 19CR326 arising from a felony crime he committed while on supervised release. ECF No. 27, ¶¶ 28, 32. Thus, this escape, Defendant's sixth felony conviction, represents Defendant's continuing failure to embrace the privileges of halfway house placement, supervised release, and state parole supervision, all focused on his rehabilitation and transition from prison. Defendant's requested time-served sentence for escaping here— six months, 28 days—would only be slightly longer than the sentence Defendant received previously for merely violating supervision—six months. Accordingly, the government asserts that a time-served sentence does not promote Defendant's respect for the laws allowing him federal supervised release, state parole, and RRC placement and does not impress upon him the need to complete his sentences successfully per section 3553(a)(2)(A). Furthermore, a variant sentence does not discourage him specifically or others generally from escaping halfway house placements. *See id.* § 3553(a)(2)(B).

Second, Defendant was convicted of an additional felony crime after having escaped: attempted distribution of methamphetamine. ECF No. 27, ¶ 10; *see also* ECF No. 25-1 (Ex. 1, police report); ECF No. 25-2 (minute order). While he disputes possessing the three-pounds of methamphetamine and seemingly claims he took a plea deal out of practicality, *see* ECF No. 26, pp. 3-4, the government maintains that Defendant

3

committed the crime by a preponderance of the evidence per USSG § 6A1.3. *See* 18 U.S.C. § 3661 (no limitation on what information the Court can consider in imposing an appropriate sentence). This additional crime is concerning given that the underlying federal sentence from which he escaped is a Class A felony conviction involving distribution of methamphetamine and Defendant also has long-standing substance abuse issues involving the drug. ECF No. 27, ¶¶ 27 (also describing Defendant's use of methamphetamine while on supervision), 61 (substance abuse history). Accordingly, while this Court is not sentencing Defendant for the facts of underlying case, this Court should consider Defendant's continued serious criminal activity while on escape status a nature and circumstance of his escape per section 3553(a)(1). This conduct also reflects a risk that Defendant will continue to recidivate per sections 3553(a)(2)(B) and (C). On this basis, a guidelines sentence is justified, not a time-served sentence.

### III.  Supervised release is not recommended.

The government recommends no further supervised release here so as to not duplicate Defendant's four-year term of supervision release which remains in District of Colorado Case No. 19-cr-00012-RBJ. Furthermore, Defendant is still subject to parole supervision in Larimer County Case. No. 19CR326.

### IV.  Conclusion.

The government requests the Court deny Defendant's Motion. A sentence of 24

//

//

4

months of imprisonment with no further supervised release is sufficient, but not greater than necessary, to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a).

DATED this 8th day of August, 2022.

COLE FINEGAN
United States Attorney


/s/ Albert Buchman
ALBERT BUCHMAN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Telecopier: (303) 454-0403
E-mail: al.buchman@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 8, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

      /s/ *Albert Buchman*
      ALBERT BUCHMAN
      Assistant United States Attorney
      United States Attorney's Office
      1801 California Street, Suite 1600
      Denver, Colorado 80202
      Telephone: (303) 454-0100
      Telecopier: (303) 454-0403
      E-mail: al.buchman@usdoj.gov